UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Asher Bakhishi Nazar, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br><br><br><br> -v.- <br> Nationwide Credit, Inc., <br><br><br> Defendant. | Civil Action No: 2:22-cv-1 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Asher Bakhishi Nazar (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through her attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant Nationwide Credit, Inc., (hereinafter "Defendant" or "Nationwide"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4.      Plaintiff is a resident of the State of New York, County of Nassau.

5.      Plaintiff is a natural person allegedly obligated to pay a debt.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.      Defendant Nationwide Credit, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1000 Abernathy Road, Suite 200, Atlanta, GA 30328 and can be served process upon the C T Corporation System at 28 Liberty Street, New York, New York 10005.

8.      Upon information and belief, Defendant Nationwide is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2

10.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18.    Plaintiff seeks to certify a class of:

> All consumer to who Defendant Nationwide sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

4

19.     This action seeks a finding that Defendant Nationwide's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

20.     The Class consist of more than thirty-five persons.

21.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a demeanor applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## **FACTUAL ALLEGATIONS**

5

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Sometime prior January 3, 2021, an obligation was allegedly incurred to American Express by the Plaintiff.

26.     The American Express obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27.     The alleged American Express obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     American Express is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29.     Sometime thereafter, American Express assigned the debt to Defendant Nationwide in an attempt to collect the alleged debt.

30.     Defendant Nationwide collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31.     On or around January 3, 2021 the Plaintiff received an initial debt collection letter (the "Letter") from Defendant Nationwide regarding the alleged debt owed to American Express **See Exhibit A**.

32.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     The Letter was received and read by Plaintiff.

34.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication set forth;

1) the amount of the debt;

2) the name of the creditor to whom the debt is owed;

3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

35. The Letter's top righthand corner states the "Account Balance: $6,655.99".

36. The Letter goes on to itemize the balance stating "In accordance with applicable law, please be advised of the following:

Original Creditor:                AMERICAN EXPRESS
Total Due as of charge-off:    $6,658.37
Total Interest accrued since charge-off: $0.00
Total non-interest charges or fees accrued since charge-off: $0.00
Total Payments made since charge-off: $0.00
Total adjustments made since charge-off: $2.36

37. The earlier stated Account Balance does not correspond to the balance itemization provided.

38.     Defendant fails to explain on what basis an adjustment was made to the Total Due at charge-off and why that adjustment does not calculate to the supposed current Account Balance.

39.     The Account Balance is a mathematical impossibility based upon the Balance itemization provided.

40.     Plaintiff is therefore unable to evaluate how much the actual debt being collected is for.

41.     Plaintiff is unable to determine why the amount being demanded is lower than the amount of the debt due at charge-off.

42.     If in fact there were adjustments made post charge-off, it is deceptive not state what the adjustments were based upon.

43.     Furthermore, the Letter is unclear if the 'adjustment' of the Account Balance post-charge off was made to decrease the balance or increase.

44.     The failure to place a negative symbol next to the adjustment amount, indicates that the post charge-off balance is being adjusted upwards.

45.     This leaves open the possibility that this mysterious adjustment could be added again.

46.     Because of the lack of information and the unclear balance, plaintiff does not know if the amount of his obligation is static or dynamic.

47.     If Plaintiff pays the Account Balance stated on the notice, he does not know whether the debt has been paid in full.

48.     Because of the conflicting amounts listed, the Letter also fails to clearly state the amount of the debt.

49.     Defendant's Letter is therefore misleading, deceptive, and unfair in collection on the alleged debt.

50.     Plaintiff was therefore confused as to how to properly handle this debt.

51.     Plaintiff was therefore forced to expend time and money in determining this response to the Letter.

52.     Plaintiff spent time trying to ascertain the true balance of this debt.

53.     The Letter has contradictory amounts for the balance without explanation.

54.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

55.     If not for Defendant's actions Plaintiff would have used funds to pay off this debt.

56.     Defendant's conduct prevented Plaintiff from acting in the way he would have otherwise acted had Defendant's letter not been improper.

57.     Plaintiff suffered from fear, anxiety, stress difficulty sleeping as it seemed this was a possibly fraudulent collection.

58.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

59.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

60.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

61.  Plaintiff repeats the above allegations as if set forth here.

62.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

63.   Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64.   Defendant violated said section as described above in violation of §§ 1692e, 1692e(10), 1692e(2):

65.   By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

66.   Plaintiff repeats the above allegations as if set forth here.

67.   Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

68.   Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

69.   Defendant violated this section as described above.

70.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT III**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

71.   Plaintiff repeats the above allegations as if set forth here.

72.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73.   Pursuant to 15 U.S.C. § 1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, must identify the amount of the debt.

74.   Defendant violated this section by failing to provide the amount of the debt as described above or in the alternative by failing to clearly state the amount of the debt.

75.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Asher Bakhishi Nazar, individually and on behalf of all others similarly situated, demands judgment from Defendant Nationwide as follows:

1.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.   Awarding Plaintiff and the Class statutory damages;

3.   Awarding Plaintiff and the Class actual damages;

4.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.   Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

Dated:  Flushing, New York
         January 2, 2022

                                                      /s/ Uri Horowitz
                                                      By:  Uri Horowitz, Esq.
                                                      **Horowitz Law, PLLC**
                                                      14441 70th Road
                                                      Flushing, NY 11367
                                                      Phone: (718) 705-8706
                                                      Fax: (718) 705-8705
                                                      *Attorneys For Plaintiff*

12